## CIRCUIT COURT OF FREDERICK COUNTY

Douglas E. Jenkins

v.

Carper

May 21, 1976

Case No. (Law) 3297

By JUDGE ROBERT K. WOLTZ

The matters for decision are first whether the defendant can recover certain expenses for failure of the plaintiff to attend the proposed taking of his discovery deposition by the defendant, and whether the plaintiff can recover the expenses of defending against the defendant's effort to recover his expenses aforesaid.

The defendant under the provisions of Rule 4:13 served timely, and as provided in Rule 1:6, on the plaintiff a notice to take plaintiff's deposition at a certain time and place, namely at the office of the defendant's attorney located in the county seat of the county in which the action was pending. The notice on its face was directed to the plaintiff and stated that the defendant would proceed "to take the deposition of Douglas E. Jenkins [the plaintiff] for discovery purposes and/or evidence, pursuant to the Rules of Court of the Supreme Court of Virginia."

The plaintiff did not appear for the taking of the deposition and this occasioned a motion by the defendant to recover his expenses, including counsel fee, thereby occasioned.

514

While the notice might have been more forcefully drawn by substituting in its body "you" for "Douglas E. Jenkins" and might have cited the specific Rule of Court by number, these are matters of form and it is clear from the notice what the defendant was seeking to accomplish. The plaintiff asserts, however, that he had no responsibility to appear because there was not in addition to the notice a subpoena served upon him.

Rule 4:5(a) provides that any party may take a deposition of any person, "including a party" and further provides, "The attendance of witnesses may be compelled by subpoena." In my opinion this Rule makes a distinction between parties on one hand and witnesses on the other, and this is a well known distinction. The contention of the plaintiff that a subpoena in addition to a notice is required before a party must appear for the taking of a discovery deposition from him is without merit.

A party to a suit has already been served with process and is within the jurisdiction of the court. As to him the Rules only require that he be given notice in accordance with Rule 4:13. A potential witness on the other hand is not by virtue of that within the jurisdiction of the court or under its control; thus the requirement that if he will not voluntarily appear he can be compelled by subpoena to do so thereby bringing him within the jurisdiction of the court and subject to its order to appear.

This conclusion is reinforced by other provisions of the Rules. For example, Rule 4:9(a) provides merely for service of a request on another party for the production, etc., of documents and the like; whereas subparagraph (c) of that Rule such production by a person not a party requires the issuance of a subpoena duces tecum. Rule 4:5(b)(5) provides that notice to a party deponent may be accompanied by a request for the production of documents, but makes no mention of a subpoena. Rule 4:5(g)(2) provides if a *party* giving notice of taking a deposition of a *witness* fails to service a subpoena on the witness (but makes no mention here of a party) who in consequence thereof does not attend the taking, then another party attending with expectation that the deposition will be taken may request and recover the expenses of his futile attendance. All these provisions support the fact that parties and

witnesses are treated differently under the Rules for discovery.

The plaintiff filed no objection to the taking of his deposition or moved for any protective order under Rule 4:1(c). His only reason for nonattendance is the fact that no subpoena was served upon him to appear to give the deposition. This reason has no legal validity under the Rules.

The default brings the defendant and his attorney within the purview of Rule 4:12(d). The court does not find "that the failure was substantially justified or that other circumstances make an award of expenses un-just." As a consequence the court will require the plaintiff and his attorney to pay to the defendant as reasonable expenses caused by the plaintiff's failure the sum of $75.25, representing $47.25 for the cost of the attendance of the professional stenographer, and $30 by way of attorney's fee for making arrangements for taking the deposition, drafting and given the notice of taking, and activities related therewith on the day on which it was scheduled.

The fact that the defendant has been awarded his expenses against the plaintiff is effective to deny the plaintiff his own expenses in making resistance to the expense claim of the defendant.